**·METROPOLITAN LIFE INS CO et v**

**LEE**

Ohio Appeals, 2nd Dist, Montgomery Co

No 1545.    Decided May 16, 1939

· Benjamin P. Pink, Cincinnati, for appellant.

. George F. Holland, Dayton, for Olive F. Johnston, Admrx., appellee.

**OPINION**

By GEIGER, J.

This matter arose in an action in the Court of Common Pleas of Montgomery County, wherein The Metropolitan Life Insurance Company filed a petition in interpleader against Olive F. Johnston, Administratrix of the estate of Howard B. Johnston, the deceased, insured, and Edith Lee, formerly known as Ida Lee Hummell; a claimant.

The petition alleges that on the 21st day of October, 1935, the company issued an industrial policy upon the life of Howard B. Johnston in the amount of $228.00; that the insured died on or about April 6, 1936, while the policy was in force and that there is due from the company to the person or persons who were legally entitled to the proceeds the sum of $228.00. The company admits that it is indebted to whomsoever may be the legal owner of the amount payable and is ready to pay the same to whomsoever is rightfully entitled to it.

It is alleged that Olive F. Johnston as administratrix claims the proceeds and that the defendant Edith Lee formerly known as Ida Lee Hummell also claims the proceeds of the policy by reason of an application for designation of beneficiary claimed by her to have been filed with the company by the insured requesting the company to pay the death benefit to her; that each of said defendants denies the right of the other, and both have made demands upon the company; that the company is ignorant of their respective rights and has no interest in the proceeds and is ready and willing to pay to the person entitled thereto, but has been unable to do so on account of adverse claims and demands made by both.

It is alleged that on September 11th, 1936, Olive F. Johnston, as administratrix, filed a petition in the Municipal Court of Dayton, seeking to recover but that the Municipal Court has no jurisdiction of the person of Edith Lee and it is therefore impossible for the insurance company to make her a party in said court. Plaintiff prays that two defendants be required to plead concern-

ing their claims and that plaintiff be allowed to pay the money to the clerk of the Court and be discharged from any liability to either. To this Edith Lee answers admitting certain allegations as to the issuance of the policy and the death of Johnston and the amount due and that she claims the proceeds. She denies all other allegations. For a cross-petition she alleges that on the 21st of October, 1935, for a consideration then paid by her to the company, it issued its industrial policy on the life of Johnston; that the policy provided that on proof of death the company will pay the designated beneficiary the sum provided; that while said policy was in force on April 6, 1936, said Johnston died; that she was the duly designated beneficiary under said policy and by reason thereof entitled to the benefits due, and that she is entitled to the sum of $228.00 for which she asks judgment, and further that the claim of Olive F. Johnston be denied.

Olive F. Johnston, in her answer, makes certain admissions and recites the allegations of her petition in the Municipal Court and reaffirms and adopts them. They were to the effect that during the life of Howard B. Johnston, the company executed the policy for $228.00; that she is the mother of Johnston and all conditions of the policy have been fulfilled and that as mother of the decedent and as his administratrix she has incurred funeral expenses in the amount of $321.50. She prays for the payment to her as administratrix and that the cross-petition of Edith Lee be denied.

The insurance company was dismissed from the action and discharged from all liability to either party and the two other defendants were ordered to interplead. The administratrix was restrained from pursuing the suit in the Municipal Court. Upon hearing by the Court on the pleadings and evidence the Court found against the defendant Edith Lee and for the defendant Olive F. Johnston, Admx., and that as such aministratrix she is entitled to the fund in the possession of the Clerk of the Court.

Motions for new trial were filed and overruled and final judgment rendered and the clerk was ordered to pay the fund to Olive F. Johnston, Admx. Notice of appeal from this judgment on questions of law was properly filed.

Appellant, Edith Lee, filed assignments of error in this Court, alleging that there is error prejudicial to her committed by the Court of Common Pleas, alleging the usual grounds.

The case below and in this Court is presented on a stipulation, briefly, so far as pertinent, as follows: That Olive F. Johnston is administratrix, of Howard B. Johnston, he having died in April, 1936; that as mother and administratrix she has incurred liabilities to an undertaker in the amount of $231.50; that she claims the insurance as administratrix by reason of the fact of her appointment; that she introduces certain exhibits properly designated. Certain exceptions were taken by counsel for Edith Lee. Like exceptions are taken by counsel for the administratrix to offered stipulations.

On the part of Edith Lee it is stipulated that there was an application for designation of beneficiary of said policy and that in said application a request by the insured that she be named as beneficiary.

It is further agreed that she was engaged to be married to the decedent and that she paid the premiums from February 28, 1936, until the day of his death, April 6, 1936. She designates certain documents as exhibits.

It is further stipulated that Johnston, following his application for designation of beneficiary stated in the presence of others that Edith Lee was the beneficiary and that he wanted her to have the proceeds. It is stipulated that she never received any notice that she was not designated as requested in the application of February 28th, and was never notified by the company that the application designating her as beneficiary was not accepted. Certain depositions are stipulated as well as the bill of the undertaker. It is also stipulated that Olive F. Johnston had another policy that she had been carrying since

the boy was four years old which had been in her possession and on which she had paid the premiums. It is stipulated that evidence is offered to show that Howard Johnston was visited at the hospital regularly by Edith Lee and that at least three days before his death he was feeling better and he wanted the witnesses to prepare a wedding cake for his marriage to Edith Lee. These stipulations take the place of a bill of exceptions.

It becomes quite important that we examine minutely the provisions of the policy and all correspondence had in reference thereto. There are so many forms of policies that it is difficult to determine what cited cases may or may not apply by reason of a difference in the policy terms.

The policy, Plaintiff's Exhibit A, is on the life of Howard B. Johnston, and was issued October 21, 1935, for the sum of $228.00 at a weekly premium of fifteen cents. The policy, the important provisions being emphasized, provides that in consideration of certain premiums and upon the proof of death and the surrender of the policy the company will pay **to the executor or administrator of the insured, unless payment be made under the provisions of the next succeeding paragraph.** The company may make any payment provided to the insured, husband or wife, or any relative by blood or connection by marriage of the insured, or to any other person appearing to said company to be equitably entitled to the same by reason of having incurred expense on behalf of the insured, or for his burial, and the production of a receipt signed by any such person shall be conclusive evidence that all claims under the policy have been satisfied.

On the second page it is provided that the policy constitutes the entire agreement between the company and the insured and the holder and owner and that its terms can not be changed except "by the express agreement of the company evidenced by the signature of its president and secretary." Agents are not authorized to alter the contracts. Further, "any assignment or pledge of

this policy or any benefits hereunder shall be void and of no effect."

The above provisions for payment of the policy are usually termed "Facility of Payment Provisions". Under date of February 28, 1936, on an application card provided by the company the insured made "Application for Designation of Beneficiary". Under this heading appears "Not effective unless approved by the company and the designation of the beneficiary is officially endorsed on the policy at the home or head office". The application contains the request to pay the death benefits in accordance with the terms of the above mentioned policy to Ida Lee Hummell, beneficiary, "subject, however, to the provisions in the policy authorizing payment at the company's option to my executor or administrator, or to any of my relatives by blood or connection by marriage, or to any other person appearing to said company to be equitably entitled to the same by reason of having incurred expense on behalf of my burial". This was signed by Howard B. Johnston, then of Hamilton, Ohio. There is the instruction on the face of the card which follows:

"If the proposed beneficiary is other than an immediate relative please state on the back of this form the reasons why such designation is requested."

On the back of the form appears,

"Insured wished to drop policy, proposed beneficiary agreed to pay future payments if made beneficiary."

Edith Lee's Exhibit 2 is a statement by George Waldvogel apparently made to Mr. Whitaker, manager, in which he endeavors to give a complete story of the case, stating that on October 1, 1935, he wrote the application when Johnston stated that he was in good health and had no other insurance in force on his life to his knowledge. He personally paid the policy until about January when he complained of sickness and was not able to pay premiums. Agent states that "I then suggested

that Edith Lee, to whom he was engaged to be married, and with whom he lived, continue the premiums for him. This was done. It was Mr. Johnston's wish that she be named beneficiary. I explained to her that it might not be possible to do this, but at their wish sent the policy to the H. O. anyway. The insured has died and it develops that his mother carried a policy from two to three hundred dollars. There are two doctors' bills, $6.00 standing against him here, also from an automobile balance on a wrecked car, $68.95. Edith Lee has signed his note for the car. She feels that since there is some 400 to 500 total insurance that she should be protected at least for the amount of these bills. Other than this she is perfectly willing to let the mother have the balance. I do not believe there is any speculation involved. P. S. Edith Lee states that there is also her personal bill for his care while sick at her home for six weeks."

Due to lack of clear dating it is difficult to be sure of the chronological order of the several exhibits in reference to the designation of beneficiary. Under date of what appears to be March 10th, Plaintiff's Exhibit B discloses an unaddressed and unsigned statement presumed, however, to be addressed to the agent at Hamilton from the Home Office. In it the statement is made,

"We are returning the policy and form 22 proposing Ida Lee Hummell a nonrelative as beneficiary The proposed must distinctly understand that if she holds the policy or pays the premium she is doing it in consideration of an understanding with the insured and premiums are accepted merely as an agent of the insured. Such endorsements are not made in favor of nonrelatives, except in extreme cases and then only where we are given sufficient information to establish that person's insurable interests. We have noted your comments on Form 22 (Application for Designation of Beneficiary), but the mere fact that the proposed is willing to assume premium payments does not warrant the designation."

Under date of March 26th there is an unaddressed and unsigned photostat copy to the effect,

"Replying to yours of March 17, we will not under any circumstances, effect the designation requested as this is purely a matter of speculation. * * * Ida Lee Hummell must understand that, if she holds the policy or pays the premium, she is doing so in consideration of an understanding with the insured and such premiums will be accepted from her merely as an agent of the insured."

There is appended also the deposition of Dorothy Harris, a cousin of the deceased, who states in substance that a short time prior to the death of the insured he made certain statements to the effect that he wanted his mother to have his insurance. The witness stated that he also told her at different times while he was in the hospital that his mother gave him money to pay the insurance policy without her knowing what the money was for.

With this review of the pleadings and the evidence we will consider the law. Counsel for Edith Lee insist that inasmuch as the company has deposited the money in the possession of the Clerk that it is no longer concerned as to its application and that under the authorities Mrs. Johnston has no right to deny that Edith Lee has an insurable interest. This proposition is supported in cases not analogous to the case at bar. It is stated in **Eckel v Renner, 41 Oh St 233,** that B. effected a valid insurance upon his own life for his own benefit and kept the policy alive by payments, having neither wife nor child, and becoming fond of a certain child he assigned the policy and delivered it to the father of the child and died. The guardian of the child, being made a party, consented without prejudice to his claim that the money be paid to the administrator and afterwards recovered a judgment for the amount. The court held that one who has obtained a valid insurance upon his own life may dispose of it as he sees fit in the absence of prohibitory legislation or

contract stipulation. It is immaterial that the assignee has no insurable interest.

In the case of **Keckley v Glass Co., 86 Oh St 213**, it is held:

"(3) Where a life insurance company makes no defense and pays the amount of its policy into court to abide the judgment of the court as between conflicting claimants, parties claiming an interest in the fund will not be allowed to object that the beneficiary named in the policy had no insurable interest."

(4) Simply restates the provisions of Eckel v Renner, supra.

In **Atkinson v The Metropolitan Life Insurance Company, 114 Oh St 109**, the policy contains the provision that such "policy is written with the right of the insured to change the beneficiary". Such right is absolute and may be exercised at any time during the lifetime of the insured and the consent of the insurance company is not essential.

"(5) In the event of a controversy between a former named beneficiary and a new beneficiary, if the insurance company interpleads in an action by a claimant to recover the proceeds of the policy it thereby waives any interest in the outcome of the action and thereupon the cause shall proceed between the respective claimants uninfluenced by any right or interest of the insurance company."

See also page 120.

In **Price, Admr. v Metropolitan Life Ins. Co., 46 Oh Ap 36**, it is held that insured's widow could not raise questions of beneficiary's insurable interest in insured's life and that one in good faith may insure his life for the benefit of any one he may choose; although beneficiary is unrelated by blood or marriage.

In A. L. R. 22, p. 1350, it is stated:

"It is generally held that Facility of Payment Clauses in industrial life insurance policies, providing in substance that the insured may pay the benefit to the beneficiary named or to any other person appearing to it to be equitably entitled thereto, are for the benefit of the insurer to be exercised or not at its option, and that it gives a third party to whom the insurer might have elected to pay the benefit no right to compel the insurer to make payment to him."

These are the cases and the principles upon which the attorney for Edith Lee relies. The difficulty that confronts us is that Edith Lee has not shown that she ever was regarded as the beneficiary by the insurance company or that the application for designation of beneficiary which was not to become effective unless approved by the company and the designation of the beneficiary is officially endorsed on the policy, ever ripened into a declaration of beneficiary under the Facility of Payment Clause or under the designation by the insured. It will be noted that in several communications from the company above quoted there is not only no agreement that she should be accepted as a beneficiary under the terms and conditions of the policy, but there is the statement that the company will not under any circumstances effect the designation requested as this is purely a matter of speculation. It is twice repeated that Ida Lee Hummell must understand that in paying premiums she is acting as the agent of the insured and that the company is not therefore placed under obligation to her. It will also be noted that the communication of March 10th is to the effect that the company is returning the policy and the designation Form 22 proposing Ida Lee Hummell, a non-relative, as beneficiary, and it is there stated that such endorsements are not made in favor of non-relatives except in extreme cases.

Counsel for Olive F. Johnston cites certain cases which counsel for Edith Lee denies as being pertinent, to-wit, **Rogers v Metropolitan Life Insurance Co., 16 Oh Ap 283**, and **Burns v Western & Southern Co., 35 Oh Ap 261**. In the

first case it is held that a policy designating no beneficiary but containing the Facility of Payment clause similar to that in the instant case becomes personal property upon the death of the insured and passes to the personal representative. Counsel seeks to distinguish this case on the statement that the cited case designates no beneficiary. It is true that this case does not show whether there is a provision similar to the case at bar, that the payment is to be made to the administrator or executor, but we may safely assume that such in fact would appear were the policy quoted in full as it is a policy issued by the same company as the one now at bar. However, if we can not safely assume this it is true that the policy now under examination "designates no beneficiary" as that term is understood but provides that the payment shall be made to the executor or administrator of the insured. We think it quite apparent that for the purpose of this case we may say that there is no designation of beneficiary which would prevent the application of the principles announced in the Rogers case.

In the Burns case it is held that the Facility of Payment Clause gives the insurer the option of paying insurance to any one having qualifications and the party holding such policy and premium book could not enforce the payment where such party did not come within class named in Facility of Payment Clause. It is held that,

"Party claiming to be beneficiary of industrial policy had possession thereof and paid premiums did not entitle her to recover."

In the case of **Arnold v Newcomb, 104 Oh St 578**, where a fraternal policy was involved it is held:

"In order to effect a change in the beneficiary named in the insurance policy or certificate the insured must follow and substantially comply with the methods described in the rules and regulations and by-laws of the association."

It is also held in that case that the rights of the contending parties each claiming to be the lawful beneficiary are determined by the construction and interpretation of the contract itself.

In the case of **Douglas v Metropolitan Life Insurance Co.** (the same company as here involved), **11 O. N. P., 513,** it is held that the consent of the company is required to effect a change of the beneficiary. It is further held that where the insured under such a policy undertook to change the beneficiary and did all that he could to accomplish that result and forwarded due notice but died before the company had approved the change, the attempted change was not effected and the original beneficiary is entitled to the money, there being no evidence that the company had in any manner waived the provision of the policy respecting a change of beneficiary.

There are, of course, a number of cases holding to the effect that in old line insurance or other policies which have not the provision such as the one at bar, that under certain conditions the company must comply with the order of the insured as to a new beneficiary, but those cases do not reserve the right to the company to consent to or deny the new beneficiary.

We are convinced that under the terms of the policy there was no completed designation of Edith Lee as a beneficiary, and that the provisions of the policy that it shall be paid to the administrator is not overborne by anything that affected it during the lifetime of the decedent.

Judgment affirmed. Cause remanded.

HORNBECK, PJ. & BARNES, J, concur.